# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO ALEXIS HERREDIA GURROLA, <br><br> Petitioner, <br><br> v. <br><br> ORESTES CRUZ, et al., <br><br> Respondents. | Case No.: 1:25-cv-02078 JLT HBK (HC) <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART, AND DENYING MOTION FOR PRELIMINARY INJUNCTION AS MOOT <br><br> (Docs. 1, 4, 15) |

    Gonzalo Alexis Herredia Gurrola is an immigrant detainee in U.S. Immigration Customs and Enforcement custody at the Golden State Annex Detention Facility in McFarland, California. He is proceeding on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.)

    On February 23, 2026, the assigned magistrate judge issued findings and recommendations to grant the petition for writ of habeas corpus in part and deny the motion for preliminary injunction as moot. (Doc. 15.) The Court served the findings and recommendations on all parties and notified them that any objections thereto were to be filed within five days. (*Id*.) In addition, the Court advised the parties that "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.* at 24, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).)

    On February 23, 2026, Respondents filed "objections" consisting of a single sentence that

1

1  they "object to the findings and recommendations for the reasons set forth in [their] opposition to
2  the motion for temporary restraining order." (Doc. 16.) Petitioner did not file objections, and the
3  deadline to do so has passed. (*See* docket.)

4  According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this
5  case. Having carefully reviewed the matter, the Court concludes the findings and
6  recommendations are supported by the record and proper analysis. As detailed in the findings and
7  recommendations, Petitioner entered the United States without inspection on or about 2000 and
8  has resided continuously in this country since then. (Doc. 15 at 2.) Petitioner's spouse is a
9  naturalized U.S. Citizen, and Petitioner has three U.S. Citizen children. (*Id*.) On July 17, 2025,
10 Petitioner was taken into custody at a scheduled interview related to his I-485 Adjustment of
11 Status application. (*Id*. at 3.) Petitioner has a criminal history as both a juvenile and adult,
12 including two burglary convictions, among other convictions. (*Id*.)

13 Upon being taken into custody, Petitioner requested a bond hearing, and on August 25,
14 2025, an IJ issued a decision denying Petitioner's request for a change in custody status for lack
15 of jurisdiction and independently found Petitioner was a danger to the community." (Doc. 15 at
16 3.) On December 29, 2025, an IJ denied Petitioner's subsequent request for a custody
17 redetermination, declining to reach Petitioner's argument that the previous danger assessment
18 should be reconsidered based on materially changed circumstances, finding instead that the
19 immigration court continued to lack jurisdiction based on *Matter of Yajure Hurtado*, 29 I&N Dec.
20 216 (BIA 2025). (Doc. 15 at 3.) The findings and recommendations correctly conclude that
21 Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225 and thus that *Yajure*
22 *Hurtado* does not strip the immigration court of jurisdiction. (Doc. 15 at 6–15.)

23 Respondents maintain that Petitioner is nonetheless subject to mandatory detention under
24 8 U.S.C. § 1226(c). (Doc. 12.) However, the findings and recommendations correctly point out
25 that Respondents provide no clear explanation of how § 1226(c) applies to Petitioner. The
26 objections to not attempt to clarify the issue. Thus, the Court agrees with the magistrate judge that
27 the appropriate remedy here is for Respondents to provide Petitioner with a substantive bond
28 hearing under § 1226(a).

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on February 23, 2026 (Doc. 15) are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED in part** as follows: Respondents are **ORDERED** to provide Petitioners with a bond hearing in accordance with 8 U.S.C. § 1226(a) within 10 days of the date of this Order, in which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.
3. Petitioner's Motion for Preliminary Injunction (Doc. 4) is **DENIED AS MOOT**.
4. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **March 5, 2026**

UNITED STATES DISTRICT JUDGE