UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO ALEXIS HERREDIA GURROLA, | Case No. 1:25-cv-02078-JLT-HBK |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION[1] |
| v. | (Doc. 19) |
| ORESTES CRUZ, et al., | |
| Respondents. | |

## I.    INTRODUCTION

Before this Court is a motion by Gonzalo Alexis Herredia Gurrola ("Petitioner") to enforce this Court's March 5, 2026, ordering requiring Respondents to provide Petitioner with a bond hearing. (Doc. 19.) Respondents filed a response in opposition to the motion (Doc. 21), and Petitioner filed a reply. (Doc. 22.) For the reasons set forth below, the Court **DENIES** the motion.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

This court has summarized the factual and procedural history behind this action in previous orders and incorporates that by reference here. (*See* Docs. 15, 17.) On March 05, 2026, this Court issued a judgment granting Petitioner's Petition for Writ of Habeas Corpus in part and

---

[1] Respondents correctly note that reconsideration pursuant to Federal Rule of Civil Procedure 59(e) is not the appropriate remedy to challenge an outcome in a proceeding in a different judicial system that occurred after this Court's final order. (Doc. 21 at 2.) Because it is nonetheless clear that Petitioner seeks to enforce this Court's prior habeas order pursuant to its compliance authority, the instant motion is construed as a motion to enforce and will be addressed by the Court as such.

denying his request for preliminary injunction as moot. (Doc. 17.) In adopting the magistrate judge's findings, the Court ordered Respondents to provide Petitioner with an individual bond hearing in which the parties would be allowed to present evidence and arguments about whether Petitioner's continued detention is justified.[2] (*Id*. at 3.)

On March 9, 2026, Petitioner was given a bond hearing before Immigration Judge ("IJ") Katie G. Mullins who determined that Petitioner's continued detention is justified based on Petitioner's criminal history, lack of accountability or remorse, and lack of a fixed permanent address, sponsor, or employment opportunities following release on bond. (Doc. 19-2 at 20-30.)

On March 19, 2026, petitioner filed a motion to enforce this Court's prior habeas order, arguing that his continued detention without an adequate bond hearing violates his Fifth Amendment due process rights. (*See generally,* Doc. 19.) Specifically, Petitioner contends that the IJ applied the incorrect legal standard and failed to act as a neutral arbitrator during Petitioner's March 09, 2026, bond hearing. (*Id*. at 1.)

Petitioner seeks an order granting his immediate release or requiring Respondents to provide Petitioner with a constitutionally adequate bond hearing before a neutral arbiter where Respondents bear the burden of establishing by clear and convincing evidence that Petitioner is a flight risk or danger. (Doc. 19-1 at 10.)

## III.    LEGAL STANDARD

This Court has clear authority to ensure that the Government acts in accordance with its orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). In constitutional challenges to an IJ's detention

---

[2] The relevant part of this Court's March 5, 2026, order reads as follows:

> Respondents are **ORDERED** to provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) within 10 days of the date of this Order, in which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

Doc. 17 at 3.)

2

determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." *Id*. (citation and quotations omitted). In other words, "[i]n reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence... review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.' " *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610 at *4 (N.D. Cal. 2021) (quoting *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)). The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

## IV.    ANALYSIS[3]

### A.    The IJ Applied the Correct Burden of Proof

Petitioner first argues that the IJ erroneously placed the burden on Petitioner to prove that he was not a danger or flight risk. (Doc. 19-1 at 2.) The Court finds Petitioner's arguments to be unavailing, as the Court's March 5, 2026 order, as noted by the IJ during the hearing, was purposefully silent as to the burden. (Doc. 17 at 3.)

The Ninth Circuit has held that a standard hearing under 8 U.S.C. § 1226(a) -- that is, one where the burden allocation remained with Petitioner and with the standard of proof set at a preponderance of the evidence -- is constitutionally adequate. *See Rodriguez Diaz v. Garland*, et

---

[3] This Court has previously waived the prudential exhaustion requirement in procedurally similar cases. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (finding that petitioner satisfied irreparable injury *Laing* factor by "demonstrating the irreparable harm that would result from wrongful detention, which may result given the lengthy time it takes to have an appeal decided."); *see also, Loba L.M. v. Andrews*, No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307 (E.D. Cal. Mar. 13, 2026) (holding that where a Petitioner seeks to enforce a prior habeas order in which an explicit finding of irreparable harm due to continued detention was made, such a previous finding satisfies the second *Laing* factor for the purposes of the prudential exhaustion requirement); *SEHAJVEER SINGH (A-No. 245-003-055), Petitioner, v. WARDEN OF GOLDEN STATE ANNEX FACILITY, et al., Respondents*, No. 1:26-CV-00172-JLT-EPG, 2026 WL 1328508 at *3 (E.D. Cal. May 13, 2026) (same). The Court therefore adopts the reasoning of the above-mentioned cases and waives the prudential exhaustion requirement here on similar grounds.

al., 53 F.4th 1189, 1210-11 (9th Cir. 2022) (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19)). Furthermore, numerous courts in this district have declined to require DHS to bear the burden on an initial bond hearing determination under § 1226(a) where there was no prior release that created a unique liberty interest against re-detention. *See J.S. v. Wofford*, No. 1:25-CV-02016 DC SCR, 2026 WL 125258 at *8 (E.D. Cal. Jan. 16, 2026), *report and recommendation adopted*, No. 1:25-CV-02016 DC SCR (HC), 2026 WL 297304 (E.D. Cal. Feb. 4, 2026); *MARVIN OMAR GARCIA-AGUILERA (A-235-450-965) Petitioner*, v. *CHRISTOPHER CHESTNUT, Warden of the California City Corr. Facility, et al., Respondents*., No. 1:26-CV-2547 DC CSK, 2026 WL 1346692 at *5 (E.D. Cal. May 14, 2026).

Petitioner is correct in asserting that Ninth Circuit case law dictates that, in cases involving prolonged detention, Respondents bear the burden of proving through clear and convincing evidence that Petitioner is a danger and a flight risk. *See Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024). Despite the length of time Petitioner has spent in ICE custody, Petitioner's is not a case of prolonged detention and was not treated as such by this Court in its habeas order. (*See* Docs. 17, 18.) As Petitioner noted in his brief, the March 6, 2026 bond hearing was Petitioner's first substantive bond determination under § 1226(a). (Doc. 19-1 at 3.) Because Petitioner was never encountered by immigration authorities prior to his most recent detention and therefore never acquired a unique liberty interest against re-detention, it was not an abuse of discretion for the IJ to require that Petitioner bear the burden of proving that he was not a danger or flight risk at his initial bond determination under § 1226(a).

**B.      The IJ Did Not Fail to Act as a Neutral Arbitrator**

Petitioner next argues that the IJ violated his due process rights by failing to act as a neutral arbitrator. (Doc. 19-1 at 4.) Petitioner cites numerous comments made by the IJ on record that allegedly indicated bias against the Petitioner, including instances where the IJ questioned Petitioner's choice to pursue habeas relief, criticized this Court's order, and argued with Petitioner's counsel over the correct burden of proof for the hearing. (*Id*. at 5.)

It is unquestionable that where an IJ fails to act as a partisan adjudicator, the noncitizen's due process rights may be violated. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)

(finding a due process violation where "[a]t the start of the hearing, the IJ indicated that he had already judged [petitioner's] claim" and where the IJ acted as a "partisan adjudicator seeking to intimidate [petitioner] and his counsel.") "An immigration decision violates due process if the proceeding was 'so fundamentally unfair that the [applicant] was prevented from reasonably presenting his case.'" *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) (quoting *Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 380 (9th Cir. 2003) (en banc)). "To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice," *id.*, which "is essentially a demonstration that the alleged violation affected the outcome of proceedings." *Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000).

The record here does not demonstrate that the IJ acted as a "partisan adjudicator seeking to intimidate [petitioner] and his counsel." *Colmenar*, 210 F.3d 967 at 971. During the hearing, the IJ occasionally interrupted Petitioner's counsel and made statements that could be construed as skeptical of Petitioner's counsel's legal arguments, specifically regarding the appropriate burden of proof. Nonetheless, the IJ allowed Petitioner's counsel to make an argument regarding the burden of proof at the hearing, and Petitioner's counsel was able to do so. (Doc. 19-2 at 5, 13.) Though it could be argued that the IJ conducted the bond hearing in an aggressive manner, "a mere showing that the IJ was unfriendly, confrontational, or acted in an adversarial manner is not enough to meet this burden." *See Rizo v. Lynch*, 810 F.3d 688, 693 (9th Cir. 2016); 8 C.F.R. § 1003.10(b) (IJs have the express power to "interrogate, examine, and cross-examine" noncitizens).

Furthermore, Petitioner makes no showing of being prevented from reasonably presenting his case and fails to demonstrate any prejudice because of the IJ's conduct. As such, his argument that his bond hearing did not comport with due process and this Court's prior order necessarily fails.

///

///

///

///

5

## V.    CONCLUSION AND ORDER

1.    Petitioner's motion to enforce (Doc. 19) the Court's earlier order is **DENIED**.

IT IS SO ORDERED.

Dated:    **May 20, 2026**

_____
UNITED STATES DISTRICT JUDGE

6